UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
THERESA MOORES,               :    No. 1:12-cv-00148
O/B/O JOSEPH COMELLO          :
                              :
        Plaintiff,            :
                              :
     v.                       :    OPINION AND ORDER
                              :
COMMISSIONER OF               :
SOCIAL SECURITY,              :
                              :
        Defendant.            :
```

This matter is before the Court on the Application by Plaintiff, through Counsel, for Fees and Expenses (and Costs) under the Equal Access to Justice Act ("EAJA") (doc. 20), to which Defendant has not responded. Plaintiff asks for a total award of $2,560.00, specifically $2,210.00 for fees ($0.00 for expenses) pursuant to 28 U.S.C. § 2412(d) and $350.00 for costs, as provided in 28 U.S.C. § 2412(a)(1).

Plaintiff seeks an award of fees and costs on the bases that she is a prevailing party (see doc. 20 at 4, citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)) and her allegation that the position of the United States in this litigation was not substantially justified[1] (see doc. 20 at 4-5). Plaintiff's

---

[1] The EAJA requires that a fee applicant allege that "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). But "[t]he burden of establishing 'that the position of the United States was substantially justified[]' . . . must be shouldered by the Government." Scarborough v.

1

attorney has attached to the instant Application his own affidavit in which he details his professional experience as a social security disability law practitioner (doc. 20, Attachment 1), as well as an itemized report of the time he, and an attorney previously associated with his firm, have spent on this matter (doc. 20 at 9 (Plaintiff's Schedule A))[2]. He asks, on Plaintiff's behalf, that this Court approve the 13.00 hours diaried at an adjusted average hourly rate of $170.00.

By its terms the EAJA limits attorney fees to $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Notably, the Commissioner has not challenged the $170.00 hourly rate requested and we recognize that we previously have awarded fees at this hourly rate to another attorney currently associated with the firm that represents Plaintiff (see, e.g., Foster v.

---

Principi, 541 U.S. 401, 414-15 (2004) (construing 28 U.S.C. § 2412(d)(1)(A)) (quoting Pierce v. Underwood, 487 U.S. 552, 567 (1988) (emphasis added)). In this case, Defendant's failure to file any response to Plaintiff's Application obviously amounts to a failure to meet its burden.

[2] Plaintiff was represented originally by Eric P. Allen of the O'Connor, Acciani & Levy firm when the Complaint was filed in February 2012 (see doc. 1). By the time this case was reinstated to this Court's docket in January 2014, Mr. Allen was no longer associated with that firm. Thus, Henry D. Acciani entered an appearance on Plaintiff's behalf and was substituted as her counsel. (See doc. 12.)

Comm'r of Soc. Sec., No. 1:13-cv-418 (S.D. Ohio Oct. 23, 2014) (doc. 21); Godby-Dean v. Comm'r of Soc. Sec., No. 1:12-cv-734 (S.D. Ohio Apr. 4, 2014) (doc. 27); Tennyson v. Comm'r of Soc. Sec., No. 1:10-cv-160 (S.D. Ohio Sept. 21, 2011) (doc. 27)), as has at least one of our other colleagues sitting in the Western Division (see, e.g., Wagner v. Comm'r of Soc. Sec., No. 1:10-cv-784, 2012 WL 1224736, at *2 (S.D. Ohio Apr. 11, 2012) (Report & Recommendation), adopted, 2012 WL 1656973, at *1 (S.D. Ohio May 10, 2012) (Dlott, J.)).  In similar fashion, we also have awarded the same hourly rate (or higher) to other members of the local social security disability bar (see, e.g., Schott v. Comm'r of Soc. Sec., No. 1:12-cv-918 (S.D. Ohio Mar. 18, 2014) (doc. 21); Zellner v. Astrue, No. 1:10-cv-812 (S.D. Ohio Jan. 30, 2012) (doc. 16)), as have certain of our colleagues sitting in the Western Division (see, e.g., Caldwell ex rel. K.S. v. Comm'r of Soc. Sec., No. 1:12-cv-743, 2013 WL 4830953, at *8 (S.D. Ohio Sept. 13, 2013) (Report & Recommendation (gathering cases)), adopted, 2013 WL 5521960, at *1 (S.D. Ohio Oct. 3, 2013) (Dlott, J.); Childers v. Astrue, No. 3:10-cv-154, 2011 WL 3911098 (S.D. Ohio Sept. 6, 2011) (Black, J.)).

Upon consideration, the Court finds that the hours diaried are reasonable with one minor exception.  On February 22, 2012, counsel (then, Mr. Allen) recorded that he spent time reviewing an answer and transcript; however, the docket sheet reveals that

3

neither an answer nor transcript was filed by Defendant on or about that date.  Instead, on April 5, 2012 Defendant filed a motion for a sentence six remand under Section 405(g) (see doc. 7), which counsel's timesheet indicates he received and reviewed the very same date.  Consequently, the Court will deduct the .5 hours attributed to the erroneous February 12, 2012 entry, but finds the remaining hours, 12.5, as well as the amount sought per hour, $170.00, to be reasonable.  Therefore, the Court GRANTS IN PART Plaintiff's Application for Fees and Expenses (and Costs) and AWARDS to her attorney fees in the amount of $2,125.00 under 28 U.S.C. § 2412(d) and costs in the amount of $350.00 under 28 U.S.C. § 2412(a)(1), for a total award of $2,475.00, such award to be credited toward her attorney's contingency fee should she ultimately receive the disability insurance benefits attendant to this claim that she is litigating on behalf of her deceased son.

       SO ORDERED.

Dated: November 18, 2014    s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge